UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALISHA GLACKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 4:13-CV-00717 (CEJ) |
| LTD FINANCIAL SERVICES, L.P., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' cross motions for summary judgment on the issue of liability. The issues are fully briefed.

### I. Background

Plaintiff brings this action alleging that defendant, a debt collection firm, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, while attempting to collect a consumer debt allegedly owed by plaintiff to a third party. Plaintiff alleges that defendant violated the FDCPA by demanding payment during the 30-day dispute period, thereby overshadowing her dispute, validation, and verification rights under § 1692g.

### II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of

showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prevail on a claim pursuant to the FDCPA, plaintiff must allege and prove that "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; [and] (3) the defendant has violated by act or omission a provision of the FDCPA." Hart v. Franklin Credit Mg't Corp., No. 4-12-CV-1126 (E.D. Mo. Feb. 11, 2013) (citing Creighton v. Emporia Credit Serv., Inc., 981 F. Supp. 411, 414 (E.D. Va. 1997)). In the instant case, the first two elements are satisfied as defendant has conceded that it is a debt collector and plaintiff is a consumer as defined by the FDCPA. (Doc. ## 8, 9-1).

In order to satisfy the third element, plaintiff contends that defendant violated § 1692g of the FDCPA. Subsection (a) of § 1692g requires debt collectors to provide certain information to the consumer within five days after their initial communication. One requirement includes "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). Subsection (b) then states, in pertinent part: "Any collection activities and communication during the 30-day period *may not overshadow or be inconsistent* with the disclosure of the consumer's right to dispute the debt[.]" 15 U.S.C. § 1692g(b) (emphasis added). Plaintiff admits that the initial communication from defendant contained the basic language required by § 1692g(a), but argues that this message was contradicted and overshadowed by a later request for payment within the 30-day dispute period.

The evidence establishes that defendant sent a collection letter to plaintiff dated March 8, 2013 regarding a debt allegedly owed to Macy's Department Store. (Doc. # 7-3). The letter, received on March 11, 2013, stated that plaintiff had thirty days from the date of receipt to dispute the validity of the debt or any portion of the debt. The evidence also establishes that plaintiff called defendant on March 15, 2013 to inquire about the debt. (Doc. # 9-1). An audio recording of the telephone conversation includes the following dialogue:

> Plaintiff: How long do I have to take care of this[?]
>
> Defendant: Usually when we send out a letter we usually ask you to make some kind of arrangement, or make some payment within that month before this month is over with. So we want a payment in our office by the 29th, partial payment, half of it, or make some arrangements. You

>can set up a payment plan over the phone . . . or you can just pay it off over a couple of months, what are you able to do?
>
>Plaintiff: Are you guys considering taking any legal action? Suing me?
>
>Defendant: No we don't do anything like that, no ma'am, no not in this office[.]

(Doc. # 7, Ex. 3).

Plaintiff alleges that the March 29 deadline was inconsistent with her right to dispute the debt because it was within the 30-day dispute period and "caused [her] to believe that either [she] had no such right to dispute the debt, or that [d]efendant was going to ignore that right." (Doc. # 7-2). In response, defendant argues that this conversation did not amount to a demand for payment and did not cause any confusion as to overshadow plaintiff's dispute or validation rights.

A debt collector is free to continue its collection activities and communications during the 30-day period as long as the consumer has not disputed the debt in writing. See 15 U.S.C. § 1692g(b). If the debt collector chooses to continue communication with the consumer during the 30-day period, the debt collector is not required to reiterate the validation notice. Durkin v. Equifax Check Servs., Inc., 406 F.3d 410, 417 (7th Cir. 2005). However, the debt collector "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." 15 U.S.C. § 1692g(b).

"Whether collection activities or communications within the 30-day validation period overshadow or are inconsistent with a validation notice is determined under the 'unsophisticated consumer' standard." Read v. Messerli and Kramer, P.A., 2012 WL 1439046, *2 (D. Minn. 2012) (citing Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004)). "[A] debt collector violates the FDCPA if [the] communication would mislead or confuse" an unsophisticated debtor. Beasley v.

Rogers, P.A., 2010 WL 1980083, *3 (E.D.N.C. Mar. 1, 2010). "The unsophisticated consumer may be uninformed, naive, and trusting, but still has 'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.'" Peterson v. Midland Credit Management, Inc., 2011 WL 781538, *4 (N.D. Ind. Feb. 28, 2011) (quoting Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 645 (7th Cir. 2009)). The unsophisticated consumer is an individual with below average intelligence but not "tied to the very last rung on the sophistication ladder." Duffy v. Landberg, 215 F.3d 871, 874 (8th Cir. 2000). The standard also has an "objective element of reasonableness," which "protects debt collectors from liability for unrealistic or peculiar interpretations[.]" Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483-84 (7th Cir. 1997).

From the standpoint of an unsophisticated consumer, defendant's instruction to make a payment or arrange a payment plan on or before March 29, 2013 is confusing when compared to the 30-day dispute period, which would have run until April 10, 2013. See Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997) (When a due date is set within the 30-day dispute period, the "net effect . . . turn[s] the required disclosure on its head."). For instance, if plaintiff made payment arrangements on or before March 29, 2013, it is unlikely that plaintiff, an unsophisticated consumer, would understand that she could still dispute the debt despite making such arrangements.

In Crowder v. Kelly, 1999 WL 199615 (N.D. Ill. 1999), the defendant sent a collection letter that contained both a 30-day validation notice and instructions to call the defendant within 30 days in order for the plaintiff to make payment arrangements. Although the letter did not demand payment within the 30-day period, the court found that the requirement to make payment arrangements within that period was confusing

to an unsophisticated consumer. Id. The court explained that "[a]n unsophisticated consumer might easily believe that once he had made such payment arrangements (or even a payment), there would be no point in exercising his validation right; indeed, the unsophisticated consumer might even believe he could no longer exercise that right." Id. at *2.

Although the facts of the instant case are slightly different from Crowder, the rationale is the same in that an unsophisticated consumer would likely believe that setting up payment arrangements would act as a waiver of the right to dispute the debt. Accordingly, the Court finds that defendant's request for plaintiff to make a payment or make payment arrangements on or before March 29 improperly overshadowed and was inconsistent with the validation notice.

\* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment as to FDCPA liability [Doc. # 6] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [Doc. #10] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of August, 2013.